A93A1516. TURNER v. TRUST COMPANY BANK.
(436 SE2d 577)

McMURRAY, Presiding Judge.

Plaintiff Lisa Turner brought suit against Trust Company Bank ("the bank") in the Superior Court of Fulton County. She alleged that the bank financed an automobile which she purchased from Stovall Nissan, Inc.; that the bank wrongfully repossessed the automobile although she was not in default in her payments; that the bank misstated the amount it would take to redeem the automobile in violation of OCGA § 11-9-504; and that the bank was liable to her for (1) the value of the automobile, (2) the statutory amounts allowed in OCGA § 11-9-507, (3) punitive damages and (4) attorney fees. The bank answered the complaint and denied any liability to plaintiff. Thereafter, the bank moved for summary judgment.

In support of its summary judgment motion, the bank submitted the affidavit of Glenda Kiser, an operations officer with the bank. Ms. Kiser deposed that plaintiff's automobile was repossessed on May 29, 1992; and, that at that time, plaintiff was in arrears, having failed to make two payments when they became due. Ms. Kiser also deposed that the bank sent plaintiff a "Notice of Repossession" on June 2,

1992; and that a true and correct copy of the notice was attached to her affidavit.

The notice informed plaintiff that she had a right to redeem the automobile upon the payment of $28,998.63. Ms. Kiser deposed that at the time the notice was sent, "the letter correctly stated the amount necessary to redeem the car." She continued: "On June 3, 1992, [the bank] subtracted insurance charges which had been previously added to the account in the amount of $5,730.00 together with accrued interest in the amount of $438.71. The remaining balance was $22,857.34." Ms. Kiser deposed further that the bank transferred the automobile to Stovall Nissan, on June 8, 1992, for $23,077.34, pursuant to a standing "full recourse assignment agreement."

Plaintiff deposed that she was not in default, having timely made payments to the bank. She also admitted that she received a letter from Stovall Nissan, dated June 19, 1992, advising her that it intended to sell the collateral after ten days and that she could redeem the collateral by paying the balance due.

The trial court denied the bank's motion for summary judgment upon plaintiff's wrongful repossession claim, finding a factual question with regard to whether plaintiff was in default. However, the trial court granted the bank's motion for summary judgment upon plaintiff's OCGA § 11-9-507 claim. Plaintiff appeals from the trial court's grant of partial judgment to the bank. *Held*:

In *Stoppi v. Wilmington Trust Co.*, 518 A2d 82 (Del. 1986), the Stoppis executed a conditional sales contract with Larry's Homes, Inc. ("LHI") for the installment purchase of a mobile home. LHI assigned the contract and security agreement to the Wilmington Trust Company ("Wilmington"). Pursuant to an agreement between LHI and Wilmington, LHI was obligated to repurchase the contract in the event of default. Thereafter, the Stoppis defaulted on their obligation to Wilmington and Wilmington repossessed their mobile home. Two days later, Wilmington sent written notice to the Stoppis advising them that they were in default, the mobile home had been repossessed, and the property would be sold at private sale. Rather than selling the property at private sale, Wilmington reassigned the contract and title to the property to LHI pursuant to the repurchase agreement. LHI subsequently sold the property at a private sale without notifying the Stoppis.

The Stoppis brought suit against LHI and Wilmington alleging the defendants failed to give them reasonable notice in connection with the sale of their repossessed mobile home. They sought statutory damages pursuant to UCC § 9-507. Wilmington moved for summary judgment and so did the Stoppis. The superior court in Delaware granted Wilmington's motion, ruling that Wilmington was not required to give the Stoppis notice inasmuch as it merely reassigned the

mobile home to LHI pursuant to the repurchase agreement. (The superior court granted the Stoppis' motion against LHI, holding it liable for statutory damages for failure to give the Stoppis reasonable notice of the sale.) The Stoppis appealed from the grant of summary judgment to Wilmington.

The Supreme Court of Delaware affirmed. Finding the Supreme Court of Delaware's opinion to be sound and apposite, we extrapolate as follows:

"In order to establish [the bank's] liability for damages under Section 9-507(1), the plaintiffs must prove a violation of one of the provisions contained [in Sections 9-501 through 9-506]. While the bank [may have given] an erroneous notice, it in fact had no duty under Section 9-504(3) to give any notice. Under the circumstances it cannot be held liable for Section 9-507(1) statutory damages.

"The reasonable notification requirement of Section 9-504(3) is triggered only in connection with a sale or other disposition of the repossessed collateral. This brings Section 9-504(5) of the Code into play — where a reassignment, as here, occurs. That law provides: '(5) A person who is liable to a secured party under a guaranty, indorsement, *repurchase agreement*, or the like and who receives a transfer of collateral from the secured party or is subrogated to his rights has thereafter the rights and duties of the secured party. *Such a transfer of collateral is not a sale or disposition of the collateral under this Article.*' [UCC § 9-504(5).] [(Emphasis supplied.)]

"The last sentence in Section 9-504(5) makes clear that a reassignment of collateral from the bank back to the seller, pursuant to the repurchase agreement, is not a sale or disposition of the collateral under the Code. Thus, the transfer from [the bank] back to [the original seller] does not activate the notice provisions of Section 9-504(3). [Cits.]

"The bank's liability under Section 9-507(1) for statutory damages must be predicated upon a violation of Sections 9-501 through 9-506. Clearly, when [the bank] had no duty to act under any of these provisions, including Section 9-504(3), no Section 9-507(1) liability attache[d] by reason of its legally meaningless notice of sale."

The trial court did not err in granting partial summary judgment to the bank upon plaintiff's claim for OCGA § 11-9-507 (1) damages. However, the case will proceed to trial upon plaintiff's wrongful repossession claim.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED OCTOBER 13, 1993.

*Ralph S. Goldberg,* for appellant.

*Stokes, Lazarus & Carmichael, William K. Carmichael, C. W.
"Tab" Billingsley, Jr.*, for appellee.